UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAAC D. HARRIS #447304,

    Plaintiff,

v.

                                Case No. 2:21-cv-10290
                                Hon. George Caram Steeh

C. BODEN,

    Defendant.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a pro se prisoner civil rights case. Plaintiff, Isaac D. Harris, is presently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan. Plaintiff sues C. Boden, an employee at his facility, whom Plaintiff claims withdrew funds from his prison account in violation of MDOC policy. For the reasons stated below, the Court summarily dismisses the complaint for Plaintiff's failure to state a claim.

### I. Standard of Decision

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." FED. R. CIV. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). While this pleading standard does not require "detailed" factual allegations, *id*., it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it

lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## II. Complaint

Plaintiff asserts that under MDOC policy he is allowed to deposit a maximum of $11.00 in new funds into his prison account each month. He asserts that on October 14, 2019, while at the Alger Correctional Facility, he was paid $14.28 for his prison job, and $3.28 was withdrawn for "court debts," leaving him a balance of $11.00. (ECF No. 1, PageID.2.)

On October 18, 2019, Plaintiff was transferred to the Michigan Reformatory, and his $11.00 balance was transferred to his new account there. While at the Michigan Reformatory, Plaintiff withdrew $1.50 for postage, leaving him with a balance of $9.50. (Id., PageID.2.)

On November 7, 2019, Plaintiff was transferred to his current facility, and his $9.50 was transferred with him. That month, Plaintiff spent the entire balance of his account. (Id., PageID.2-3.) Plaintiff asserts that since the $9.50 had been transferred from another account, this amount should not have been regarded as "new funds" acquired in November. He asserts that MDOC only prohibits a prisoner from acquiring new funds in excess of $11.00 each month, but that a prisoner may save money from month to month, allowing their account balance to exceed $11.00. (Id., PageID.3.)

Plaintiff states that on November 15, 2019, he received back pay from Alger Correctional Facility in the amount of $5.88. He complains that $4.38 was withdrawn from his account by Defendant, leaving him a balance of $1.50 (the maximum new funds allowed if the first deposit of $9.50 that month had been considered "new funds"). (Id., PageID.3-4.) Plaintiff kited about the issue, and Defendant responded, stating: "Your beginning balance on 11/1 was $9.50. Payroll posted 11/15/19 adding $1.50 to your spendable balance. Collection for the filing fees was correct on 11/15 (totaling $4.38). Per PD 04.02.105, Section W. 1." (ECF No. 1, PageID.14.)

Plaintiff asserts that contrary to Defendant's explanation, the withdrawal of $4.38 for "filing fees" violated MDOC policy and was done without sufficient notice in violation of due process. (Id., PageID.4.)

### III. Discussion

By asserting that Defendant withdrew funds from this prison account without notice and contrary to MDOC policy, Plaintiff is asserting a violation of procedural due process. The claim is therefore barred by the doctrine announced in *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986).

Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim

unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984).

Because Plaintiff's claim is premised upon the allegedly unauthorized act of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). A prisoner's failure to plead facts indicating the inadequacy of state post-deprivation remedies requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. Mich. Dep't of Corr., Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. Mich. Comp. Laws § 600.6419; MDOC

Policy Directive 03.02.131 (effective Oct. 21, 2013). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). Indeed, the Sixth Circuit has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property.

## IV. Conclusion

Accordingly, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the Court will dismiss the complaint for Plaintiff's failure to state a claim.

**SO ORDERED**.

Dated: March 2, 2021

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 2, 2021, by electronic and/or ordinary mail and also on Isaac D. Harris #447304, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036.

s/Brianna Sauve
Deputy Clerk

---